UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:05-cr-0149 (LJM/KPF) |
| ) | |
| KENNETH WHIGUM, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Larry J. McKinney, Judge, on May 17, 2011, designating this Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on October 10, 2008, 2011, and to submit to Judge McKinney proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). Proceedings were held May 10, 2011, August 29, 2011 and February 16, 2012, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On May 10, 2011, Mr. Fulton appeared in person and his appointed counsel, Juval Scott, Office of the Indiana Federal Community Defender. The government appeared by Sharon Jackson,

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See,* Title 18, Section 3401(e).

Assistant United States Attorney. U. S. Parole and Probation appeared by Mike Burress, U. S. Parole and Probation Officer, who participated in the proceedings.

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. That Juval Scott, Office of the Indiana Federal Community Defender, was present and appointed by the Court to represent Mr. Whigum in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Whigum and his counsel who informed the Court they had read and understood the specifications of violations charged herein and waived further reading thereof.

3. That Mr. Whigum as advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. That Mr. Whigum would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. That Mr. Whigum had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Whigum had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge McKinney's designation entered on May 17, 2011.

7. Mr. Whigum executed a written waiver of the preliminary examination, which was accepted by the Court.

8. Ms. Scott stated that Mr. Whigum would stipulate that there a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petition.

9. Mr. Whigum, by counsel, stipulated that he committed the specified violations set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| **1** | **"The defendant shall not commit another federal, state, or local crime."** |
| | On September 28, 2008, Mr. Whigum was arrested by the Indianapolis Metropolitan Police Department (IMPD) and charged with Criminal Deviate Conduct, Class B felony, Criminal Confinement, Class B felony; Criminal Confinement, Class C felony; Intimidation, Class C felony; Robbery, Class C felony; Strangulation, Class D Felony; Criminal Confinement, Class D felony; Domestic Battery, Class A misdemeanor; Battery, Class A misdemeanor; and Disorderly conduct, Class B misdemeanor; under Marion County Superior Court Case No. 49G02-0809-FB-223080. |
| | According to the Affidavit for Probable Cause, IMPD officers responded to a report of a person assaulted at 5140 East Washington Street, Indianapolis, Indiana. Upon arrival, the officers saw the victim, Kelly Nickolas, and noticed her left eye was severely swollen and completely shut, along with being red and bruised. Also, the officers noticed the victim's clothes were disheveled and her shirt had been stretched out. |
| | The victim told the IMPD officers the offender came home and was very intoxicated. She stated the offender immediately grabbed her around the neck and applied pressure, causing her to e unable to breath. The offender punched her in the left eye with a closed fist, and as she attempted to call 911, he grabbed her phone and smashed it on the ground. |

> She added the offender put her in the closet and closed the door. He came back several minutes later and kicked her in the stomach, legs and arms, which caused severe pain and bruising. She stated the offender told her "I know you are working for the police," and made her take all her clothes off. The offender stuck his hand in her vagina, and told her he was looking for a police wire.
>
> The offender also allegedly used a butcher knife to threaten the victim. She stated the offender walked around the apartment for about an hour with the knife close to her face, and told her he would cut her face if she left him. The offender still armed with the knife, told the victim to get in bed and instructed her to put both her hands on his chest so he would know if she left. After the offender fell asleep, the victim was able to escape and contact law enforcement.

The Court placed Mr. Whigum under oath and directly inquired of him whether he admitted violations of the specifications of his supervised release set forth above. Mr. Fulton stated that he admitted the above violations of his supervised release as set forth above. The Court now finds there is a basis in fact for his admissions and accepts same.

At the request of the parties, the hearing was continued and disposition will be set at a later date.

On August 29, 2011, a Supplemental Petition for Warrant or Summons for Offender Under Supervision, was filed.

On August 30, 2011, the Court convened for a hearing of the case. The defendant appeared by Juval Scott. The government was represented by Doris Pryor, Assistant United States Attorney; U. S. Parole and Probation was represented by Mike Burress, U. S. Parole and Probation officer. Defendant did not appear. An Arrest Warrant was issued for the defendant.

On February 16, 2012, the Court reviewed prior proceedings held May 10, 2011, as well as the new specifications contained in the Supplemental Petition for Warrant or Summons for Offender Under Supervision. Mr. Whigum appeared in person with his appointed counsel, Juval Scott. The

government appeared by Doris Pryor, Assistant United States Attorney; and U. S. Parole and Probation appeared by Mike Burress, U. S. Parole and Probation officer, who participated in the proceedings. The Court reviewed his rights regarding the new specifications, as well as his right to a preliminary and revocation hearing on those new specifications.

1. Mr. Whigum, by counsel, stipulated that he committed specifications of violations set forth in the Supplemental Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court on August 29, 2011, as follows:

**Supplemental Petition for Warrant or Summons for Offender Under Supervision, filed August 29, 2011:**

> **2**      **"The defendant shall refrain from any unlawful use of a controlled substance."**
>
> **3**      **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."**
>
> **4**      **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."**
>
> The offender submitted a urine sample on August 4, 2011, which tested positive for marijuana. Before providing the urine sample, the offender admitted smoking marijuana.
>
> **7**      **"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."**
>
> On August 19, 2011, this officer went to the offender's last reported address at 544 North Parker, Indianapolis, and spoke with Tarria Reddmon, his ex-girlfriend. She stated the offender did not live there, and he left her residence approximately one week earlier. She did not know his whereabouts.

The Court placed Mr. Whigum under oath and directly inquired of him whether he admitted violations of the specifications of his supervised release set forth above. Mr. Whigum stated that he

admitted the above violations as set forth.  The government moved to dismiss specifications numbered 5 and 6 contained in the Petition to revoke defendant's supervised release, and the Court dismissed the same.

Counsel for the parties stipulated the following:

1) Mr. Whigum has a relevant criminal history category of IV. *See,* U.S.S.G. §7B1.4(a).

2) The most serious grade of violation committed by Mr. Whigum constitutes a Grade A violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Whigum is 24 months.

4) The parties did not agree on the appropriate disposition of the case.

2. The defendant, by counsel, and the government each presented evidence regarding appropriate disposition of the case.

The Court, having heard the admissions of the defendant, the stipulations and evidence submitted by the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant violated the above-delineated conditions of his supervised release.  The defendant's supervised release is therefore **REVOKED** and Kenneth Whigum is sentenced to the custody of the Attorney General or his designee for a period of 24 months.  Upon service of his sentence, the defendant will not be subject to supervised release.

The Magistrate Judge requests that Mike Burress, U. S. Parole and Probation Officer, prepare for submission to the Honorable Larry J. McKinney, Judge, as soon as practicable, a supervised

release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

You are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*. You shall have within fourteen days after being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge. If written objections to the Magistrate Judge's proposed findings of fact and recommendations are made, the District Judge will make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made.

**WHEREFORE,** the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation revoking Mr. Whigum's supervised release and imposing a sentence of imprisonment of 24 months in the custody of the Attorney General. Further, that upon Mr. Whigum's release from confinement, he will not be subject to a term of supervised release.

**IT IS SO RECOMMENDED** this 17th day of February, 2012.

_____
Kennard P. Foster, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:

Doris Pryor,
Assistant United States Attorney
10 West Market Street, #2100
Indianapolis, IN 46204

Juval Scott,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal Service